UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1029-CAS | Date | February 10, 2012 |
|---|---|---|---|
| Title | IN RE: MARGARITA RIOS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS:) PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS** (Filed February 6, 2012)

The Court is in receipt of petitioner Margarita Rios's application to proceed with her appeal of an order by Bankruptcy Judge Robin Riblet dismissing petitioner's claims against Wells Fargo Bank, N.A. ("Wells Fargo") arising out of Wells Fargo's foreclosure on petitioner's home.

The Court finds that petitioner has not demonstrated good cause for being permitted to proceed in forma pauperis with her appeal. Although sympathetic to petitioner's financial situation, the Court is not satisfied that petitioner's appeal has a reasonable likelihood of success. This is so because petitioner's appeal is based on the widely rejected theory that an entity that came into possession of a debtor's mortgage through an assignment does not have standing to foreclose. See, e.g., Rogers v. Cal. State Mortg. Co., 2010 U.S. Dist. LEXIS 6556, *13–14 (E.D. Cal., Jan. 11, 2010) (holding that "[defendant] correctly notes that 'possession of the original promissory note is not a prerequisite to foreclosure' and the 'entity initiating non-judicial foreclosure need not physically possess the promissory note, nor need the trustee ascertain who does possess the note before proceeding with the foreclosure'") (internal citations omitted).

Accordingly, the Court DENIES petitioner's application to proceed in forma pauperis.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |